# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| CHANGER & DRESSER, INC., | |
| *Plaintiff*, | |
| v. | Civil Action No.: _____ |
| JOE RUGGIERO, COPPERHEAD INDUSTRIAL, INC., and JEC DISTRIBUTORS INC., | **TRIAL BY JURY DEMANDED** |
| *Defendants*. | |

## DECLARATORY JUDGMENT COMPLAINT

Changer & Dresser, Inc. ("C&D"), by and through its attorneys, for its Complaint against Defendants Joe Ruggiero, Copperhead Industrial Inc. ("Copperhead"), and JEC Distributors Inc. ("JEC") (collectively, "Defendants"), alleges the following:

## NATURE OF THE ACTION

1. This is an action arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, seeking declaratory judgment of non-infringement and invalidity of United States Patent Numbers 8,742,281; 9,168,609; and invalidity of United States Patent Number 9,393,639 (collectively, the "Patents-In-Suit").

1

## THE PARTIES

2. Plaintiff C&D is a corporation formed under the laws of the state of Alabama, and has its principal place of business at 1527 ITC Way, Anniston, Alabama 36207.

3. Upon information and belief, Joe Ruggiero is a Canadian resident who resides at 1416 Rebecca Street, Oakville, Ontario, Canada, and is the assignee to the Patents-In-Suit.

4. Upon information and belief, Copperhead Industrial, Inc. is a Canadian corporation having its principal place of business at 1416 Rebecca Street, Oakville, Ontario, Canada.

5. Upon information and belief, JEC Distributors Inc. is a Canadian corporation having its principal place of business at 1416 Rebecca Street, Oakville, Ontario, Canada.

## JURISDICTION AND VENUE

6. This action arises under the Declaratory Judgment Action, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

8. This Court has personal jurisdiction over Defendants because Defendants conducted business relating to the licensing and enforcement of the

Patents-In-Suit in Alabama, and Defendants have systematic and continuous business contacts with Alabama. In addition, on information and belief, Defendants sold spot welding equipment to Prince Metal Stamping USA Inc., located in Gadsden, Alabama. On information and belief, Defendants have also sold spot welding equipment to Flex-N-Gate Corporation located in Bessemer, Alabama.

9. Venue is proper in this district under 28 U.S.C. § 1391(b) because Defendants are subject to personal jurisdiction in this judicial district, have directed their business, licensing and enforcement activities at this judicial district, and because a substantial part of the events giving rise to the claim occurred in this judicial district.

## FACTUAL BACKGROUND

10. United States Patent Number 8,742,281 ("the '281 patent"), entitled "Spot welding cap changer," was issued June 3, 2014 and names Werner Kaeseler as the inventor ("Mr. Kaeseler" or "the Inventor"). Joe Ruggerio purports to be the assignee of the '281 patent. A true and correct copy of the '281 patent is attached hereto as Exhibit A.

11. United States Patent Number 9,168,609 ("the '609 patent"), also entitled "Spot welding cap changer," names Mr. Kaeseler as the inventor and states an issue date of October 27, 2015. Upon information and belief, Joe Ruggiero is

the assignee of the '609 patent.  A true and correct copy of the '609 patent is attached hereto as Exhibit B.

12. United States Patent Number 9,393,639 ("the '639 patent"), also entitled "Spot welding cap changer," names Mr. Kaeseler as the inventor and states an issue date of July 19, 2016.  Upon information and belief, Joe Ruggiero is the assignee of the '639 patent.  A true and correct copy of the '639 patent is attached hereto as Exhibit C.

13. A true and correct copy of an assignment purporting to assign all rights in the '281 patent, and any continuations thereof, including the '609 patent and the '639 patent, to Mr. Ruggiero is attached hereto as Exhibit D.

14. C&D is in the business of developing and manufacturing automobile tip dressing and tip changing technologies.

15. The Patents-In-Suit are generally related to technologies regarding spot welding cap changers for the automobile industry. Upon information and belief, Defendants have licensed and/or sold products utilizing the technology of the Patents-In-Suit in the Northern District of Alabama.

16. On December 7, 2015, 002152706 Ontario Limited ("Ontario Limited") and JEC Distributors Inc. ("JEC") filed suit against C&D alleging patent infringement of the Patents-In-Suit in the United States District Court for the

Western District of New York ("Previous Litigation"). Specifically, in their Fourth Amended Complaint (attached hereto as Exhibit E), Ontario Limited and JEC alleged that C&D has infringed and are currently infringing the '281 patent, the '609 patent, and the '639 patent by making using, selling, offer for sale and/or importing tip changers, including at least Model No. KIKK- and DH- tip changers ("the Accused Products"). Upon information and belief, Joe Ruggiero was/is the agent for Ontario Limited and JEC and, as agent, initiated the Previous Litigation against C&D.

17. Upon information and belief, Ontario Limited and JEC lack standing to bring suit in the Previous Litigation because (1) Ontario Limited is a nonexistent entity incapable of suffering any injury; (2) Ontario Limited and JEC do not have any legal interests or rights in the Patents-In-Suit; and (3) neither Ontario Limited nor JEC are patentees as required under 35 U.S.C. § 281.

18. Upon information and belief, Joe Ruggiero is the assignee of the Patents-In-Suit.

19. Alternatively, upon information and belief, Copperhead Industrial, Inc. has held itself out as the owner of the Patents-in-Suit. A true and correct copy of a letter that JEC sent to at least one of C&D's customers, in which JEC's

counsel identifies Copperhead Industrial, Inc. as the owner of the Patents-in-Suit, is attached hereto as Exhibit F.

20. Upon information and belief, JEC Distributors Inc. is non-exclusive licensee of the Patents-in-Suit.

21. Based on the foregoing, a justiciable controversy exists between C&D and Defendants as to whether C&D infringes the Patents-In-Suit.

22. Absent a declaration of non-infringement and/or invalidity of the '281 and '609 patents, and a declaration of invalidity of the '639 patent, Defendants will continue to wrongfully allege that C&D infringes one or more valid claims of the Patents-In-Suit, and thereby cause C&D irreparable injury and damage.

## COUNT I

**(Declaratory Judgment Of Non-Infringement Of The '281 Patent)**

23. C&D incorporates by reference the allegations of paragraphs 1 through 22 as if fully set forth herein.

24. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

25. C&D does not infringe, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and

enforceable claims of the '281 patent. For example, C&D does not infringe at least claim 21 of the '281 patent at least because the Accused Products do not include "a spring box for driving the spot welding caps within the cap carrier," as recited in claim 21 of the '281 patent.

26. C&D is entitled to a declaratory judgment that it does not infringe and has not infringed any valid, enforceable claim of the '281 patent.

## COUNT II

**(Declaratory Judgment Of Invalidity Of The '281 Patent)**

27. C&D incorporates by reference the allegations of paragraphs 1 through 26 as if fully set forth herein.

28. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of invalidity of the '281 patent.

29. The purported invention of the '281 patent, which includes a circular, spring-loaded cap magazine for supplying spot welding caps, has been well-known in the welding industry, used by others in the United States, in public use or on sale in the United States, and/or patented and/or described in printed publications since at least before the invention of the '281 patent and/or more than one year before the effective filing date of the application leading to the '281 patent.

30. Any difference between the subject matter of one or more claims of the '281 patent and the relevant prior art would have been obvious at the time the purported invention was made to a person of ordinary skill in the relevant art.

31. One or more claims of the '281 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. For example, and without limitation, at least claims 21 and 22 of the '281 patent are invalid under pre-AIA 35 U.S.C. §§ 102(a) and (b) and/or 103 for being anticipated and/or rendered obvious by at least German patent publication number DE 199 05 477 to Walter Koch, Japanese patent publication number 2002-79381 to Hideki Takaba, U.S. Patent Application Publication No. 2003/0106878 to Bo Sundstrom, U.S. Patent No. 5,734,141 to Laurent Voilmy, et al, and U.S. Patent No. 4,986,251 to Stephen J. Lilley.

32. C&D is entitled to a declaratory judgment that the asserted claims of the '281 patent are invalid.

## COUNT III

**(Declaratory Judgment Of Non-Infringement Of The '609 Patent)**

33. C&D incorporates by reference the allegations of paragraphs 1 through 32 as if fully set forth herein.

34. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

35. C&D does not infringe, and has not committed any acts which would give rise to liability for infringement of, any properly construed, valid and enforceable claims of the '609 patent. For example, C&D does not infringe any claims of the '609 patent at least because the allegedly infringing tip changers do not include "an actuator for driving the spot welding caps within the cap carrier . . . wherein the actuator includes a spring box," as recited in independent claim 1 of the '609 patent, or "a gripper which in response to a turning and axial extraction movement detaches a spot welding cap of a pincer spot welding head," as recited in independent claim 6 of the '609 patent.

36. C&D is entitled to a declaratory judgment that it does not infringe and has not infringed any valid, enforceable claim of the '609 patent.

## COUNT IV

### (Declaratory Judgment Of Invalidity Of The '609 Patent)

37. C&D incorporates by reference the allegations of paragraphs 1 through 36 as if fully set forth herein.

38. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

39. The purported invention of the '609 patent, which includes a circular, spring-loaded cap magazine for supplying spot welding caps, has been well-known in the welding industry, used by others in the United States, in public use or on sale in the United States, and/or patented and/or described in printed publications since at least before the invention of the '609 patent and/or more than one year before the effective filing date of the application leading to the '609 patent.

40. Any difference between the subject matter of one or more claims of the '609 patent and the relevant prior art would have been obvious at the time the purported invention was made to a person of ordinary skill in the relevant art.

41. One or more claims of the '609 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112. For example, and without limitation, one or more claims of the '609 patent are invalid under pre-AIA 35 U.S.C. §§ 102(a) and (b) and/or 103 for being anticipated and/or rendered obvious by at least German patent publication number DE 199 05 477 to Walter Koch, Japanese patent publication number 2002-79381 to Hideki Takaba, U.S.

Patent Application Publication No. 2003/0106878 to Bo Sundstrom, U.S. Patent No. 5,734,141 to Laurent Voilmy, et al., and U.S. Patent No. 4,986,251 to Stephen J. Lilley.

42. C&D is entitled to a declaratory judgment that the asserted claims of the '609 patent are invalid.

## COUNT V

**(Declaratory Judgment Of Invalidity Of The '639 Patent)**

43. C&D incorporates by reference the allegations of paragraphs 1 through 42 as if fully set forth herein.

44. As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment of non-infringement.

45. The purported invention of the '639 patent, which includes a circular, spring-loaded cap magazine for supplying spot welding caps, has been well-known in the welding industry, used by others in the United States, in public use or on sale in the United States, and/or patented and/or described in printed publications since at least before the invention of the '639 patent and/or more than one year before the effective filing date of the application leading to the '639 patent.

46. Any difference between the subject matter of one or more claims of the '639 patent and the relevant prior art would have been obvious at the time the purported invention was made to a person of ordinary skill in the relevant art.

47. One or more claims of the '639 patent are invalid for failure to comply with one or more requirements of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.  For example, and without limitation, one or more claims of the '609 patent are invalid under pre-AIA 35 U.S.C. §§ 102(a) and (b) and/or 103 for being anticipated and/or rendered obvious by at least German patent publication number DE 199 05 477 to Walter Koch, Japanese patent publication number 2002-79381 to Hideki Takaba, U.S. Patent Application Publication No. 2003/0106878 to Bo Sundstrom, U.S. Patent No. 5,734,141 to Laurent Voilmy, et al., and U.S. Patent No. 4,986,251 to Stephen J. Lilley.

48. C&D is entitled to a declaratory judgment that the asserted claims of the '639 patent are invalid.

## **PRAYER FOR RELIEF**

WHEREFORE, C&D prays for relief as follows:

A. A judgment declaring that C&D has not and is not infringing any valid, enforceable claim of the '281 patent and the '609 patent either directly or indirectly;

B. A judgment declaring the '281, the '609 patent, and the '639 patent are invalid;

C. That the Court declare this case is an exceptional case pursuant to 35 U.S.C. § 285 and award C&D its reasonable attorneys' fees in this action;

D. That all costs be taxed against Defendant;

E. Award C&D any and all other and further relief as this Court may deem just and proper.

## **C&D DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated this the 30th day of November, 2016.

                                      Respectfully submitted,

                                      *s/ Ellen T. Mathews*
                                      Ellen T. Mathews

                                      Burr & Forman, LLP
                                      420 20th Street N, Ste. 3400

Birmingham, AL 35203
Tel: (205) 458-5410
Fax: (205) 714-6897
E-mail: emathews@burr.com

Harvey S. Kauget
Ryan M. Corbett
Burr & Forman, LLP
One Tampa City Center
201 North Franklin Street
Suite 3200
Tampa, FL 33602
Tel: (813) 221-2626
Fax: (813) 221-7335
E-mail:	hkauget@burr.com
E-mail:	rcorbett@burr.com

*Attorneys for Plaintiff*
*Changer & Dresser, Inc.*

14